IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ARNOLD WAYNE RUSSELL                                              PLAINTIFFS
and PAMELA RUSSELL

VS.                              CASE NO. 04-CV-4116

ASHLAND CHEMICAL, INC., et al.                                   DEFENDANTS

## ORDER

Before the Court is an Objection to Subpoena Duces Tecum, Motion to Quash Deposition Notice and Motion for Protective Order filed on behalf of Cooper Tire & Rubber Company, ("Cooper") a non-party.  (Doc. 61-1).  Plaintiffs Arnold Wayne Russell and Pamela Russell have responded.  (Doc. 74-1).  The Court finds the matter ripe for consideration.

Plaintiffs brought this toxic exposure tort against Defendants arising out of Arnold Russell's employment with Cooper in Texarkana, Arkansas.  Plaintiffs subpoenaed Cooper's corporate representative to appear for deposition on Friday, July 28, 2006 in Texarkana, Texas.  Cooper filed this motion, objecting to the deposition subpoena and moved to quash the same on July 27, 2006. After seeking to resolve the issue without the intervention of the Court, Plaintiffs responded on November 13, 2006.

## I. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and service of subpoenas and the protection of persons subject to subpoenas.  The Court, presented with a timely motion, will quash or modify a subpoena if the subpoena: (1) fails to allow reasonable time for compliance; (2) requires a witness who is not a party to travel more than 100 miles; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. Fed. R. Civ.

P. 45(c)(3)(A)(iii).  A subpoena is also subject to an order to quash or modify if the subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(B)(i).  Finally, a subpoena must seek relevant information. *Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 360-62 (8th Cir.2003); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."); *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005).

## II. DISCUSSION

First, Cooper objects to Plaintiffs' deposition subpoena because of the location of the deposition.  The Court finds this objection trivial.  The Cooper facility in question is located in Texarkana, Arkansas.  The subpoena schedules the deposition for Texarkana, Texas.  Instead of viewing Texas as a "neighboring and apparently uninvolved" state, the Court finds that the location was chosen for the convenience of the parties and their counsel.  Accordingly, the Court denies to quash the deposition subpoena on this ground.

Second, Cooper makes a list of objections based on its argument that the subpoena is overbroad and unduly burdensome, and requires disclosure of privileged or protected proprietary matter as to which no exception or waiver applies.  Cooper begins with a series of objections[1] to the subpoena based on its reluctance to release Russell's medical records in violation of the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA").  However, Plaintiffs' counsel has already distributed the personal records in question to defendants in this case, mooting Cooper's objection.  Again, the Court denies Cooper's request to quash the deposition subpoena on this ground.

---

[1] Cooper's objections here relate to Plaintiffs' Subpoena Duces Tecum, Doc. 61-2, Items 1-2.

Third, Cooper objects to the subpoena request for "all documents related to Russell's particular job and/or position classification, delineated duties or descriptions for any position held by him from August 1, 1977 through and including April 1, 2002"[2] as overbroad and unduly burdensome. Here, Cooper produced some records related to Russell's employment, redacting parts it believed to contain confidential, trade secret and proprietary information. It appears to the Court that Cooper produced the information it had in response to this request, with confidential material redacted therefrom. The Court grants Cooper's objection on this ground, and quashes the subpoena to the extent that Cooper has complied with this specific request.

Fourth, Cooper objects to Plaintiffs' efforts to obtain material safety data sheets ("MSDS") on the purportedly hazardous materials used at Coopers' Texarkana facility.[3] Cooper is required to maintain MSDS sheets, containing the "name, address and telephone number of the chemical manufacturer, importer, employer or other responsible party preparing or distributing the material safety data sheet, who can provide additional information on the hazardous chemical." 29 C.F.R. § 1910.1200(g)(2)(xii). With such strict federal regulations in place governing the content of MSDS, the Court agrees with Plaintiffs that Cooper cannot redact information from MSDS. The Court denies to quash the deposition subpoena on this ground.

Fifth, Cooper objects to a series of subpoena requests[4] calling for disclosure of the identity of Cooper's suppliers. Cooper's motion argues that this information is confidential, trade secret or proprietary information. However, *Panther Systems, II, Ltd. v. Panther Computer Systems*, 783

---

[2] Plaintiffs' Subpoena Duces Tecum, Doc. 62-1, Item 3

[3] Plaintiffs' Subpoena Duces Tecum, Doc. 62-1, Items 8-11

[4] Plaintiffs' Subpoena Duces Tecum, Doc. 62-1, Items 13, 14, 17, 20-22

F.Supp. 53, 70 (E.D.N.Y. 1991) held that "in general, the identity of suppliers is not a trade secret entitled to protection since they can be readily learned in any productive industry." *Id*.  In addition, Cooper's own formula and ingredients of its tires has been held not to be a trade secret entitled to protection.  *Mann v. Cooper Tire Company*, 33 A.D.3d 24, 32, 816 N.Y.S.2d 45, 52 (N.Y. App. Div. 2006).  As was the case in *Mann*, Cooper's ingredients are essential to the determination of whether Plaintiffs were exposed to toxic substances.  Cooper's objections to the subpoena based on the confidential and trade secret nature of its suppliers are denied.  Additionally, the Court notes that Plaintiffs indicate a willingness to agree upon and to enter into a Protective Order prohibiting the use of information discovered in this case for purposes outside the resolution of this lawsuit.  The Court is strongly in favor of the parties agreeing on such an Order.

Sixth, Cooper objects to Plaintiffs' requests for air quality surveys[5] conducted by Cooper, the EPA, the states of Arkansas or Texas, or any other entity at the location of Russell's employment. Cooper produced to Plaintiffs "summary information" related to Cooper's purchases made between January 1, 2000 and January 1, 2003.  The Court is uncertain whether Cooper's summary response actually provides any information to Plaintiffs in regards to this specific request.  In response to Cooper's objection, Plaintiffs note the essential nature of the requested information to the merits of this dispute, and indicate that Plaintiffs' counsel would be willing to view any air quality surveys wherever they are stored, obviating the need for duplication and delivery.  The Court agrees with Plaintiffs that this information, if available, is essential to this case, and denies Cooper's objection to the same.

Seventh and finally, Cooper objects to the deposition subpoena request calling for the

---

[5]  Plaintiffs' Subpoena Duces Tecum, Doc. 62-1, Item 28

production of a list Cooper liaisons[6] with the following companies: Ashland, Inc., Ashland Chemical, Inc., Shell Oil Company, Union Oil Company of California d/b/a UNOCAL, and Akron Paint & Varnish n/k/a APV Engineered Coatings.  Each of these companies is a  named defendant in this case.  The Court agrees with Plaintiffs that a request for Cooper's contacts with the named defendants in this case is not overbroad or unduly burdensome.  Accordingly, the Court denies Cooper's objection on this ground.

## III. CONCLUSION

For reasons discussed herein and above, the Court finds that non-party Cooper Tire & Rubber Company's Objection to Subpoena Duces Tecum, Motion to Quash Deposition Notice and Motion for Protective Order should be and hereby is **GRANTED IN PART and DENIED IN PART**.  To the extent that Cooper has produced materials in compliance with the deposition subpoena,[7] the motion is granted.  The Court denies the remainder of Cooper's objections to the deposition subpoena.  Again, the Court strongly encourages Plaintiffs and Cooper to agree upon a Protective Order.  If further motions are necessary to facilitate this process, the Court will entertain them.

**IT IS SO ORDERED**, this 25th day of January, 2007.

      /s/Harry F. Barnes    
Hon. Harry F. Barnes
United States District Judge

---

[6]  Plaintiffs' Subpoena Duces Tecum, Doc. 62-1, Items 32-33

[7] *See* note 2 and related text, *supra*.  The Court finds that Cooper has produced the documents in its possession in regard to this request.  All other subpoena requests met with objections from Cooper–and are hereby overruled and denied.