IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ARNOLD W. RUSSELL and                                                           PLAINTIFFS
PAMELA RUSSELL

VS.                         CASE NO. 4:04-CV-4116

ASHLAND, INC., et al.                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Summary Judgment based upon the "sophisticated user" doctrine of the Restatement (Second) of Torts § 388, filed on behalf of Defendants Ashland, Inc., ("Ashland") Union Oil Company of California (d/b/a UNOCAL)("UNOCAL") and Shell Oil Company[1] (collectively, "Defendants"). (Doc. 116). Plaintiffs Arnold W. Russell and Pamela Russell have responded in opposition. (Doc. 137). The matter is ripe for consideration.

In the motion, Defendants argue that Plaintiff Arnold Russell's employer, Cooper Tire and Rubber Company ("Cooper Tire") was a sophisticated user of Defendants' rubber solvents and other products. According to the sophisticated user doctrine or defense, "suppliers of dangerous or defective products are not negligent in failing to warn ultimate users of the product because the supplier reasonably relies on an intermediary who redistributes the product to give the warning." *Eagle-Picher Industries, Inc. v. Balbos*, 326 Md. 179, 217-18, 604 A.2d 445 (Md. 1992). Defendants' motion relies upon the Restatement (Second) of Torts § 388, which provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose

---

[1] Pursuant to a stipulation between the parties, Shell Oil Company was dismissed with prejudice as a party to this action on May 13, 2008. (Docs. 189, 190).

> use it is supplied, if the supplier:
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts § 388 (1965). The sophisticated user doctrine arises from subsection (b), which the Eighth Circuit has described as imposing "no duty to warn if the user knows or should know of the potential danger, especially when the user is a professional who should be aware of the characteristics of the product." *Vandelune v. 4B Elevator Components Unlimited,* 148 F.3d 943, 946 (8th Cir.1998)(applying § 388 under Iowa law and quoting *Strong v. E.I. DuPont de Nemours Co.,* 667 F.2d 682, 687 (8th Cir. 1981)); *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 353 (8th Cir. 2003); W. Page Keeton, et al., *Prosser and Keeton on Torts* § 99 at 697 (5th ed. 1984). If a user is already aware of the dangers, the sophisticated user doctrine posits that the lack of warning is not the proximate cause of the injury. *See Strong*, 667 F.2d at 688 (citations omitted).

Under the Restatement view, a court focuses on the conduct of the *supplier* of the dangerous product, not on the conduct of the intermediary. *Balbos*, 326 Md. at 218 (emphasis in original); *see also* Note, *Failures to Warn and the Sophisticated User Defense,* 74 Va. L. Rev. 579, 596-604 (1988). Thus, proof that the intermediary knew that the product was dangerous does not, in and of itself, absolve the supplier of a duty to warn ultimate users. *Balbos*, 326 Md. at 218. Essentially, Defendants' argument is summarized by their assertion that "there was nothing Defendants could have told Cooper [Tire] about benzene hazards relating to its use of rubber solvents that Cooper [Tire] did not already know." (Doc. 117, pg. 7). The Court disagrees.

2

As Plaintiffs correctly note in their response to the motion, Arkansas has not adopted § 388 of the Restatement (Second) of Torts. In addition, the Court agrees with those jurisdictions that focus on the knowledge of the ultimate user–the injured plaintiff, in the typical case–and compare his knowledge of the hazards and dangers of the product to the manufacturer or supplier's knowledge of the same. *See Donahue v. Phillips Petroleum Co.*, 866 F.2d 1008, 1012 (8th Cir. 1989)(rejecting application of the sophisticated user doctrine where there was no evidence that the end user was aware of the dangerous condition of the product); *Gray v. Badger Mining Corp.*, 676 N.W.2d 268, 274-77 (Minn. 2004)(declining to determine the "precise applicability or scope of the sophisticated user defense" because there was "no evidence that [the plaintiff] was familiar with industry or government publications on the dangers of silicosis" and because the plaintiff's "general knowledge of the risk was little more than the intuitive sense of danger from experiencing dust in the foundry environment" and because there was "no evidence that [the plaintiff] knew that disposable respirators were ineffective in preventing silicosis in a foundry environment."); *Hall v. Ashland Oil Co.*, 625 F.Supp. 1515, 1519-20 (D. Conn. 1986)(determining that the presence of genuine questions of material fact precluded relief in the form of summary judgment based on the sophisticated user doctrine.). In *Hall*, the District Court rejected Ashland Oil's argument that it "could satisfy its duty to warn in this case without actually furnishing any warning, and therefore that it could not have breached any such duty." 625 F.Supp. at 1518.

The Court agrees with Plaintiffs that Russell, the end user of Defendants' benzene-containing products, was not educated in the hazards and dangers of benzene. (Doc. 137, pg. 7). Affording Defendants effective immunity based upon the purported sophistication of or knowledge on the part of Cooper Tire is inappropriate given the summary judgment record before the Court.

Defendants also argue that the Court should apply the sophisticated user doctrine as analogous with the learned intermediary exception to the duty to warn, typically recognized in drug cases. *See, e.g., Ehlis v. Shire Richwood, Inc.*, 367 F.3d 1013, 1016-17 (8th Cir. 2004). The learned intermediary doctrine is justified by the existence of "an independent medical decision by the learned intermediary," typically a doctor or other medical professional serving the patient, that a drug or device is appropriate for use by a given patient. *West v. Searle & Co.,* 305 Ark. 33, 42, 806 S.W.2d 608, 613 (Ark. 1991). However, the doctrine "does not alter the duty of a manufacturer to provide adequate warnings of the risks with each product sold." 63A Am. Jur.2d *Products Liability* § 1700 (1997). The doctrine "simply substitutes the physician for the consumer as the person to receive those warnings. The drug manufacturer must utilize methods of warning which will be reasonably effective to bring the warning home to the prescribing and treating physicians." *Id; see also Despain v. Bradburn*, — S.W.3d —, 2008 WL 324356 (Ark. 2008). Upon review, the Court is satisfied that applying the learned intermediary doctrine by analogy to the matter at hand is likewise inappropriate.

## CONCLUSION

Ashland's and UNOCAL's Motion for Summary Judgment based upon the sophisticated user doctrine should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 8th day of August, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

4